IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA, MIAMI DIVISION

Case No. _____

SCOTT A. KRON, individually and
on behalf of all others similarly situated,

    *Plaintiff*,

*vs.*       CLASS ACTION

GRAND BAHAMA CRUISE LINE, LLC,
a Florida limited liability company,

    *Defendant*.
_____/

**COMPLAINT**

The Plaintiff, Scott A. Kron, individually and on behalf of all others similarly situated, sues the Defendant, Grand Bahama Cruise Line, LLC (GB Cruise Line):

**NATURE OF THE CASE AND JURY DEMAND**

1. This action seeks to redress business practices that violate the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227, *et seq*. (TCPA). Plaintiff brings this class action for damages, injunctive relief, and any other available legal or equitable remedies resulting from the unlawful actions of GB Cruise Line in negligently and/or willfully contacting Plaintiff, and those similarly situated, on their cellular telephones in violation of the TCPA.

2. Plaintiff files this class-action complaint alleging violations of TCPA to prevent the GB Cruise Line from continuing to engage in a campaign of invasively soliciting consumers utilizing a particularly insidious form of solicitation known as robocalls, autodialing or "robo-dialing." On behalf of the class, Plaintiff seeks an injunction requiring GB Cruise Line to cease all such calls made in violation of the TCPA, accompanied by an award of statutory damages to the class members, together with costs and reasonable attorney's fees.

## JURISDICTION AND VENUE

3. The court has jurisdiction to grant the relief sought by Plaintiff pursuant to 47 U.S.C. § 227(b) and 28 U.S.C. §§ 1331; as this is a civil action arising under the Constitution, laws, or treaties of the United States.

4. Venue in this District is proper pursuant to 18 U.S.C. § 1391(b)-(c) because GB Cruise Line conducts business in this District and is deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced, and because GB Cruise Line's contacts with this District are sufficient to subject it to personal jurisdiction.

5. Jurisdiction is also proper under 28 U.S.C. § 1332(d)(2), the Class Action Fairness Act of 2005 ("CAFA"), because the aggregate amount in controversy exceeds $5 million (exclusive of interest and costs), and as a national class at least one class member (as well as the Plaintiff himself) belongs to a different state than that of GB Cruise Line; hence there is at least minimal diversity between the parties, well over 100 plaintiffs in the expected Putative Class, and upon information and

belief less than one-third of the members of the Putative Class will be citizens of Florida. Plaintiff seeks up to $1,500 in damages for each call in violation of the TCPA, which, when aggregated among a proposed class numbering in the tens of thousands, or more, exceeds the $5 million threshold for federal court jurisdiction under the Class Action Fairness Act of 2005 (CAFA). Therefore, both the elements of diversity jurisdiction and CAFA jurisdiction are present.

6. Plaintiff resides in the Central District of California.

7. GB Cruise Line's principal office is 801 International Parkway, 5th Floor, Lake Mary, Florida 32746. Plaintiff does business within the State of Florida and more particularly Palm Beach, County, Florida.

## PARTIES

8. Plaintiff is an individual and at all times mentioned herein was a citizen and resident of Orange County, California. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

9. GB Cruise Line is, and at all times mentioned herein was, a Florida limited liability company with its principal office located at 801 International Parkway, 5th Floor, Lake Mary, Florida 32746.

10. GB Cruise Line is, and at all times mentioned herein was, a "person," as defined by 47 U.S.C. § 153 (39).

**THE TELEPHONE, CONSUMER PROTECTION ACT OF 1991 (TCPA)**
**47 U.S.C. § 227 et seq.**

11. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

12. The TCPA regulates, among other things, the use of automated telephone equipment, or "autodialers." The plain language of 47 U.S.C. 227(b)(1)(A)(iii) prohibits the use of autodialers to make any call to a wireless cellular telephone number in the absence of an emergency or the prior express consent of the called party.

13. According to findings by the Federal Communication Commission (FCC), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used. See *Rules and Regulations Implementing the Telephone Consumer Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

**FACTUAL ALLEGATIONS**

14. GB Cruise Line is in the cruise line business. It markets cruises on its ship, "The Grand Celebration," which travels from South Florida to Grand Bahama Island. The company's website features this and other travel opportunities at www.mygrandcruise.com. GB Cruise Line's Facebook page refers to "two night cruises

4

from the Port of Palm Beach to Grand Bahama Island with the option to stay at a beautiful All Inclusive Resort!"

15. Apparently desiring to increase its sales, GB Cruise Line instituted a marketing program in which automated calls, more commonly known as robocalls, were placed to an unknown number of recipients.

16. One such technology to make robocalls is the use of "automatic telephone dialing systems," known commonly as "robodialers."

17. "Robodialing" is the use of computerized telephone systems to place calls automatically, without manually dialing numbers, and then deliver pre-recorded messages, or connect calls to live agents when the system detects that a live human has picked up.

18. Robodialing allows companies to place voluminous telephone solicitations at *de minimis* costs, without staffing large telephone boiler rooms with telephone agents. The process is almost entirely automated.

19. Unlike more conventional advertisements, robodialing, particularly to wireless phones, can actually cost their recipients money, because cell phone users must frequently pay their respective wireless service providers for "minutes" of airtime, or incur usage allocation deductions to their voice plans, regardless of whether or not the call is authorized.

20. According to findings by the FCC, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The

5

FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used. *See Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd. 14014 (2003).

21. Under the TCPA and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on GB Cruise Line to demonstrate that Plaintiff provided express consent within the meaning of the statute. *See FCC Declaratory Ruling*, 23 F.C.C.R. at 565 (¶ 10).

22. GB Cruise Line is a new company: it was formed on June 16, 2014 and began actual cruises from the Port of Palm Beach to Grand Bahama Island on or about February 2015.

23. In implementing these promotional robocalls, GB Cruise Line had no prior relationship with the recipients, and thus lacked their informed and express consent to receive robocalls.

24. The above-described calls violated the TCPA's restriction on using an artificial or prerecorded voice to call consumers' cellular telephones. Further, GB Cruise Line acted "knowingly" within the meaning of the TCPA by knowingly calling recipient consumers' telephones using an artificial or prerecorded voice to call, without the prior express consent of the individual being called. Pursuant to 47 U.S.C. § 227(b)(3), Plaintiff and Class Members are entitled to the greater of the amount of their actual damages or $500 per call together, trebled.

25. On October 2, 2015, Plaintiff received a phone call at 3:28 p.m., Pacific Standard Time, on his mobile or cell phone. It was an automated voice offering two

6

free tickets for a cruise to the Bahamas in consideration for completing a brief "survey." The so-called survey consisted of three questions, inquiring as to the likelihood that the recipient of this robocall would use or purchase a green building, a hybrid vehicle and some other environmentally-friendly product. At the end of the so-called survey, Plaintiff was asked by the automated voice to press "1" for a call back to reserve the two free tickets.

26. Plaintiff pressed "1" to reserve his two free tickets.

27. Less than 30 minutes later, at 3:56 p.m. that same day, Plaintiff received a telephone call to his cell phone number from a man calling himself "Calvin." The man stated: "this is Calvin from the Reservations Department." Plaintiff inquired what company he was from, to which Calvin replied he was from "Grand Bahama Cruise Line" and referred Plaintiff to the following website: http://www.mygrandcruise.com/.

28. Plaintiff did not have any previous relationship, business or otherwise, with Grand Bahama Cruise Line.

29. Upon further inquiry, Plaintiff learned that the solicitation from Grand Bahama was in fact not true. There were expenses associated with the purportedly "free" cruise and required participation in a time-share marketing presentation.

30. GB Cruise Line took no steps to obtain, and in fact did not obtain, the prior express consent of Plaintiff or the members of the Class to make such robocalls. Upon information and belief, GB Cruise Line simply utilized a database of phone numbers and began robocalling these numbers with a bogus "survey" along with a bogus offer of a "free" cruise.

31. Under the TCPA, and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on GB Cruise Line to demonstrate that Plaintiff and the Class Members provided express consent to receive such automated calls, as defined by the statute.

32. Clearly, the initial automated call was made as a ruse to obtain putative consent for the second call through a classic two-step "survey" scam; however, automated putative surveys done as devices to obtain "consent" to later calls are not exempt from the provisions of the TCPA, nor is the "consent" obtained by such prohibited calls sufficient to permit the follow-up calls.

33. Thus, the first call to the Plaintiff and the Class Members (which was made without any prior relationship with the recipient) was a TCPA violation, as it was not done as part of a legitimate survey, but only as a device to obtain consent for a second call. The purported consent given, as it was procured through such a ruse, was not valid, meaning that the second call was also a TCPA violation.

34. By making the robocalls and subsequent calls at issue in this Complaint, GB Cruise Line caused Plaintiff and the Class Members actual harm, including the aggravation and nuisance that necessarily accompanies the receipt of unsolicited telephone calls, and the monies paid to their wireless carriers for the receipt of such calls. Such scams in their variants are known to the courts and subject to redress under the TCPA. *See, e.g., Cellco Partnership v. Plaza Resorts, Inc.*, 2013 WL 5436553 (S.D. Fl. Sept. 27, 2013); *Birchmeier v. Caribbean Cruise Line, Inc.*, 302 F.R.D. 240, (E.D. Ill. 2014).

**CLASS ALLEGATIONS**

35. Plaintiff brings this action on behalf of himself and all others similarly situated (the Class or Class Members). Upon information and belief, GB Cruise Line repeatedly made (or directed to be made on its behalf) thousands of unsolicited telephone calls to Plaintiff and Class Members' cellular telephones in violation of the TCPA.

36. Plaintiff represents, and is a member of, the Class consisting of (i) all persons in the United States; (ii) to whom GB Cruise Line (or any agent, contractor or employee working on its behalf) placed a telephone call; (iii) to said person's cellular telephone; (iv) using an automatic telephone dialing system; (v) from the date of GB Cruise Line's June 2014 formation through the date of class certification.

37. Excluded from the Class are 1) GB Cruise Line, GB Cruise Line's agents, subsidiaries, parents, successors, predecessors, and any entity in which the GB Cruise Line or its parents have a controlling interest and their current and former employees, officers, and directors, 2) the Judge or Magistrate Judge to whom this case is assigned and the Judge or Magistrate Judge's immediate family, 3) persons who execute and file a timely request for exclusion, 4) the legal representatives, successors, or assigns of any such excluded person; and 5) Plaintiff's counsel and GB Cruise Line's counsel.

38. Plaintiff does not know the number of Class Members, but believes the Class Members number in the thousands. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

39. Plaintiff and Class Members were harmed by the acts of GB Cruise Line in at least the following ways: GB Cruise Line, either directly or through their agents, illegally contacted Plaintiff and the Class Members via their cellular telephones by using an autodialer and/or with a prerecorded voice message, thereby (1) causing Plaintiff and the Class Members to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiff and the Class Members previously paid, by having to answer or retrieve messages left by GB Cruise Line during those illegal calls; and (2) invading the privacy of the Plaintiff and the Class Members. Plaintiff and the Class Members were damaged thereby.

40. The TCPA was enacted in order to protect consumers from unsolicited phone calls that are of the sort alleged in this case. In response to GB Cruise Line's unlawful conduct, Plaintiff filed the instant lawsuit and seeks an injunction requiring GB Cruise Line to cease all unsolicited telephone calling activities and an award of statutory damages to the members of the Class under the TCPA, together with costs and reasonable attorneys' fees.

41. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class and it expressly is not intended to request any recovery for personal injury and claims related thereto.

42. **Numerosity**: The exact size of the Class is unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable. Upon information and belief, GB Cruise Line has made robocalls to thousands of consumers who fall into the definition of the Class. Class Members can be identified through GB

10

Cruise Line's records or GB Cruise Line's agents' or contractor's records. The joinder of the Class Members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the Court in avoiding a multiplicity of identical suits. The Class can be identified through GB Cruise Line's records or GB Cruise Line's agents' or contractor's records.

43. **Typicality**: Plaintiff's claims are typical of the claims of other members of the Class, in that Plaintiff and the members of the Class sustained damage arising out of GB Cruise Line's uniform wrongful conduct and unsolicited robocalls and are entitled to statutory damages and injunctive relief under the TCPA.

44. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in class actions and other complex litigation. Plaintiff has no interests antagonistic to those of the Class, and GB Cruise Line has no defenses unique to Plaintiff.

45. **Commonality and Predominance**: There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. Those questions of law and fact common to the claims of Plaintiff and the Class predominate over any questions that may affect individual Class Members. Common questions for the Class include, but are not necessarily limited to, the following:

(a) Whether, from the date of the GB Cruise Line's formation, GB Cruise Line (i.e., including its agents and contractors) made any call (other than a call made for emergency purposes or made with the prior express consent of the called party) to a Class Member using any automatic-telephone dialing system

11

or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service;

(b) Whether GB Cruise Line can meet its burden of showing it obtained prior express consent (i.e. consent that is clearly and unmistakably stated), to make telephonic contact with Plaintiff and Class Members;

(c) Whether GB Cruise Line's conduct and equipment are governed by the TCPA;

(d) Whether the telephone calls by GB Cruise Line violated the TCPA;

(e) Whether GB Cruise Line systematically made telephone calls to members of the Class who did not previously provide GB Cruise Line with their prior express consent to receive such calls;

(f) Whether GB Cruise Line has a policy or practice of using artificial or prerecorded voice messaging to make telephone calls;

(g) Whether GB Cruise Line systematically places calls using a prerecorded or artificial voice to persons that did not previously provide GB Cruise Line with consent to call their respective telephone numbers;

(h) Whether GB Cruise Line is liable for damages, and the extent of statutory damages, for such violation;

(i) Whether GB Cruise Line should be enjoined from engaging in such conduct in the future.

    (j)  Whether the GB Cruise Line's conduct violating the TCPA was knowing and/or willful and hence Class Members are entitled to treble damages based on the willfulness of the GB Cruise Line's conduct.

46. **Superiority**:   This case is also appropriate for class certification as class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy because joinder of all parties is impracticable.  The actual damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense required for individual prosecution of the complex litigation necessitated by GB Cruise Line's actions.  Thus, it would be virtually impossible for individual Class Members to obtain effective relief from GB Cruise Line's misconduct.  Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint.  By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court.  Economies of time, effort, and expense will be fostered and uniformity of decisions ensured.

47. Certification of the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that:

    (a) The questions of law or fact common to the Class Members predominate over any questions affecting an individual member.

      (b) A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

48. Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that GB Cruise Line has acted on grounds generally applicable to the Class thereby making appropriate relief with respect to the Class as a whole. Injunctive relief is appropriate and necessary to cause the illegal telemarketing to stop, as Plaintiff and Class Members have all suffered irreparable harm as a result of the GB Cruise Line's unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and GB Cruise Line will likely continue such illegal conduct. Because of the size of the individual Class Member's claims, few, if any, Class Members could afford to seek legal redress for the wrongs complained of herein. A class action is a superior method for the fair and efficient adjudication of this controversy.

49. Class-wide damages are essential to induce GB Cruise Line to comply with federal law. The interest of Class Members in individually controlling the prosecution of separate claims against GB Cruise Line are small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims. GB Cruise Line has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

50. Plaintiff requests certification of a hybrid class pursuant to both Rule 23(b)(3), for monetary damages and Rule 23(b)(2) for injunctive relief.

### COUNT I: NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 *ET SEQ.*

51. Plaintiff realleges and incorporates by reference paragraphs 1-50 above.

52. The foregoing acts and omissions of GB Cruise Line constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

53. As a result of GB Cruise Line's negligent violations of 47 U.S.C. § 227 *et seq.* Plaintiff and the Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

54. Plaintiff and Class members are also entitled to an award of attorneys' fees and costs.

### COUNT II: KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA

55. Plaintiff realleges and incorporates by reference paragraphs 1-50 above.

56. The foregoing acts and omissions of GB Cruise Line constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

57. As a result of GB Cruise Line's knowing and/or willful violations violations of 47 U.S.C. § 227 *et seq.,* Plaintiff and the Class are entitled to treble damages, as provided

15

by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).(3)(B).

58. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

59. Plaintiff and the Class are also entitled to an award of attorney's fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Scott A. Kron, individually and on behalf of the Class, requests the following relief against GB Cruise Line:

<u>AS TO COUNT I ( NEGLIGENT VIOLATION OF THE TCPA)</u>

60. As a result of GB Cruise Line's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class Member:

    (a) $500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

    (b) Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

    (c) An award of attorney's fees and costs to counsel for Plaintiff and the Class.

    (d) An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate Class and any Subclasses the Court deems appropriate, finding that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class.

    (e) Any other relief the Court may deem just and proper.

## AS TO COUNT II ( INTENTIONAL VIOLATION OF THE TCPA)

61. As a result of GB Cruise Line's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class Member:

(a) treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

(b) Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

(c) An award of attorney's fees and costs to counsel for Plaintiff and the Class.

(d) An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate Class and any Subclasses the Court deems appropriate, finding that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class.

(e) Any other relief the Court may deem just and proper.

**TRIAL BY JURY**

Plaintiff demands a trial by jury on all counts so triable.

Respectfully submitted,

/s/ John G. Crabtree

John G. Crabtree
Florida Bar No. 886270
Charles M. Auslander
Florida Bar No. 349747
George R. Baise Jr.
Florida Bar No. 0111805
Brian Tackenberg
Florida Bar No. 0107224
CRABTREE & AUSLANDER, LLC
240 Crandon Boulevard, Suite 101
Key Biscayne, Florida 33149
Telephone (305) 361-3770
jcrabtree@crabtreelaw.com
causlander@crabtreelaw.com
gbaise@crabtreelaw.com
btackenberg@crabtreelaw.com
floridaservice@crabtreelaw.com

*Counsel for Plaintiff and a proposed class*