# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA, MIAMI DIVISION

Case No. 1:15-cv-23807-MARTINEZ/GOODMAN

SCOTT A. KRON, individually and
on behalf of all others similarly situated,

    *Plaintiff,*                                 CLASS ACTION

v.

GRAND BAHAMA CRUISE LINE, LLC,
a Florida limited liability company,

    *Defendant.*
_____/

## PLAINTIFF SCOTT A. KRON'S RESPONSE IN OPPOSITION TO DEFENDANT GRAND BAHAMA CRUISE LINE, LLC'S MOTION TO DISMISS COMPLAINT AND MEMORANDUM OF LAW IN SUPPORT

The Plaintiff, Scott A. Kron, opposes the Defendant, Grand Bahama Cruise Line, LLC's, motion to dismiss [D.E. 14], and respectfully requests the Court deny the motion.

### I.  Rule 12(b)(6) Standard

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept all of the Complaint's allegations as true, construing them in the light most favorable to the plaintiff.  *Fielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008).  A pleading need only contain "a short and plain

statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

A plaintiff must articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

"Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 679. Where the allegations "possess enough heft" to suggest a plausible entitlement to relief, the case may proceed. *See Twombly*, 550 U.S. at 557. "[T]he standard 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence' of the required element." *Rivell v. Private Health Care Sys., Inc.*, 520 F.3d 1308, 1309 (11th Cir. 2008).

## II.  The Defendant's Motion to Dismiss Should be Denied

The Telephone Consumer Protection Act of 1991 (TCPA), makes it unlawful to make any call to a cellular telephone using an automatic telephone dialing

system (an "autodial system") or an artificial or prerecorded voice without the prior express consent of the "called party."  47 U.S.C. § 227(b)(1)(A)(iii) (2006); *Breslow v. Wells Fargo Bank, N.A.*, 755 F.3d 1265, 1266 (11th Cir. 2014).  To state a claim under the TCPA for such calls made to a cellular phone, a plaintiff must allege that: "(1) a call was made to a cell or wireless phone, (2) by the use of any automatic dialing system or an artificial or prerecorded voice, and (3) without prior express consent of the called party."  *Legg v. Quicken Loans, Inc.*, 14-61116-CIV, 2015 WL 897476, at *2 (S.D. Fla. 2015).

In the Complaint, the Plaintiff alleged that the Defendant made two calls to his cell phone using an automatic dialing system: (1) an initial call during which an "automated voice" administered a putative "survey" to the Plaintiff and stated that, upon completion of the "survey," the Plaintiff would receive a free cruise; and then (2) a follow up call from "Calvin" who stated he was from the "Reservations Department" of "Grand Bahama Cruise Line" and informed the Plaintiff that he would need to participate in a time-share marketing presentation in order to qualify for the cruise tickets and that there were "expenses" he would have to pay to reserve the cruise tickets.[1]  [D.E. 1 at ¶¶ 15-30].  The Plaintiff did not consent to

---

[1] The implementation of a "bogus survey" is a well known tactic within the telemarketing industry that is typically implemented in order to skirt the TCPA.  In fact, this Court recently addressed such a system in *Cellco P'ship v. Plaza Resorts Inc.*, 12-81238-CIV, 2013 WL 5436553 (S.D. Fla. 2013).

either call and had no business relationship with Grand Bahamas Cruise Line. [D.E. 1 at ¶¶ 28, 30].

In its Motion to Dismiss, the Defendant asserts that the Plaintiff's Complaint should be dismissed for the following reasons: (1) the Complaint fails to set forth specifically what telephone number the Defendant called; (2) the Complaint fails to allege the use of an automatic telephone dialing system (ATDS); (3) the Complaint fails to set forth facts supporting that the Defendant was responsible for the first call received by the Plaintiff; (4) the Complaint does not allege that either of the calls constituted "marketing" and/or "solicitation"; (5) the Plaintiff expressly consented to receiving the second call; and (6) the Complaint sets forth Causes of Action that are fatally vague.  The Plaintiff will address each assertion in turn.

### *The Plaintiff is Not Required to Allege the Plaintiff's Phone Number*

The Defendant asserts that the entirety of the Plaintiff's complaint should be dismissed because he failed to allege the telephone number of the cellular telephone on which he received the calls at issue.  [DE 14 at 5].  While TCPA defendants may raise this basis for dismissal quite frequently, this Court—as well as virtually every court around the nation that has addressed the issue—have concluded that failing to allege a plaintiff's telephone number is not grounds for dismissal of a TCPA action.

This Court had the opportunity to address the issue in *Manfred v. Bennett Law, PLLC*, 12-CV-61548, 2012 WL 6102071, at *2 n.2 (S.D. Fla. 2012), and concluded that no such allegation was necessary, explaining that the "statute simply states that the call must be made to 'any telephone number assigned to a . . . cellular telephone service.'   [The defendant] has provided no authority to support its position that Plaintiff's complaint must disclose Plaintiff's cell phone number."  *Id.; see also Buslepp v. Improv Miami*, 2012 WL 1560408 *1 (S.D.Fla.2012) ("The fact that Plaintiff does not identify the specific telephone number called [ ] is not fatal under *Twombly* and *Iqbal*.").

The Court's position is consistent with numerous other district courts, which do not require such detail at the pleading stage in order to provide adequate notice to a TCPA defendant.  *See, e.g., Williams v. Bank of Am., Nat. Ass'n*, 4:14-CV-04809-RBH, 2015 WL 3843251, at *3 (D.S.C. 2015) ("the Court rejects Defendant's argument that Plaintiff's claims under the TCPA must be dismissed because her complaint did not specify the telephone number that Defendant allegedly called."); *Margulis v. Generation Life Ins.*, 2015 WL 1260483, at *2 (E.D. Mo. Mar. 19, 2015) (rejecting argument that the plaintiff must "plead the phone number that allegedly received the offending phone calls"); *Ott v. Mortgage Investors Corp.*, 65 F. Supp. 3d 1046, 1058, No. 3:14–CV–00645–ST, 2014 WL 6851964, at *8 (D.Or. 2014) (citing *Crawford v. Target Corp.*, No. 3:14–CV–0090–B, 2014 WL 5847490, at *3–4

(N.D.Tex. Nov. 10, 2014) (finding that "a plaintiff's specific telephone number is not essential to providing a defendant notice of the conduct charged"); *Jackson v. HSBC Mortgage Servs.*, No. 2:14–CV–1240–RDP, 2014 WL 5100089, at *4 (N.D.Ala. Oct. 10, 2014) (finding the "failure to specify in a complaint the telephone number called under the TCPA claim" was not grounds for dismissal of a TCPA claim); *Baker v. Caribbean Cruise Line, Inc.*, No. CV 13–8246–PCT–PGR, 2014 WL 880634, at *3 (D.Ariz. Mar. 6, 2014).

Moreover, the argument places form over substance; if there is a question about the phone number at issue, it can be addressed through discovery.

The single order cited by the Defendant—from *Augustin v. Santander Consumer USA, Inc.*, 43 F. Supp. 3d 1251 (M.D. Fla. 2012)—is inapposite.  In that case, the district court granted a defendant's motion to dismiss because the plaintiff had "not even provided enough information to determine whether Defendant ever called a phone belonging to Plaintiff or his unidentified girlfriend." *Id.* at 1253.  Indeed, not only did that plaintiff omit his phone number, but he fundamentally failed to even provide the dates the calls were placed.  *Id.* at 1254.  That is not the case here.

*The Plaintiff Sufficiently Alleged the Use of an Automatic Telephone Dialing System*

The Defendant also asserts that the Complaint should be dismissed because the Plaintiff "does not even allege that the two calls he received were placed using an ATDS," [D.E. 14 at 6], a term that is statutorily defined as equipment which has

the capacity "to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. § 227(a)(l)(A)-(B).[2]   To qualify as an ATDS under the Act, equipment "need not actually store, produce, or call randomly or sequentially generated telephone numbers, it need only have the capacity to do it." *Satterfield v. Simon & Schuster*, 569 F.3d 946, 951 (9th Cir. 2009).   Contrary to the Defendant's assertions, the Plaintiff sufficiently alleged the use of such a system.

Just like Defendant's first basis for dismissal, this is another argument that is commonly employed by TCPA defendants at the motion to dismiss stage.   As explained by this Court, district courts are split on what a Plaintiff is required plead with respect to this issue:

> One set [of cases] find that it would be "virtually impossible, absent discovery, for any plaintiff to gather evidence regarding the type of machine used for a communication left on a plaintiff's voicemail." *Torres v. Nat'l Enter. Sys., Inc.*, No. 12C2267, 2012 WL 3245520, *3 (N.D.Ill. Aug. 7, 2012); *Lozano v. Twentieth Century Fox Film Corp.*, 702 F.Supp.2d 999, 1010 (N.D.Ill.2010). The second set of cases deny motions to dismiss finding the pleadings sufficient when the plaintiff recites the statutory language, plus additional allegations indicating the reasons for the plaintiff's beliefs. *Vance v. Bureau of Collection Recovery*,

---

[2] Importantly, the "TCPA imposes liability where a party either uses an ATDS *or* uses a pre recorded or an artificial voice." *Lardner v. Diversified Consultants Inc.*, 17 F. Supp. 3d 1215, 1223 (S.D. Fla. 2014) (emphasis added). Thus, the Plaintiff can allege either the use of a pre recorded message or the use of an ATDS in order to state a valid TCPA claim.  Here, the Plaintiff asserted in his complaint that the first call he received employed the use of an "automated voice" [D.E. 1 at ¶ 25]. Accordingly, at least with respect to the first call, the Plaintiff has alleged sufficient facts to state a valid claim under the TCPA.

*LLC*, No. 10C6324, 2011 WL 881550, *3 (N.D.Ill. Mar. 11, 2011); *Stricter v. Bijora, Inc.*, No. 11C3468, 2012 WL 5386089,*3 (N.D.Ill. Oct. 30, 2012). In some cases, courts have granted motions to dismiss finding that repeating the language of the statute, without any accompanying factual allegations, would not suffice. *Kramer v. Autobytel, Inc.*, 759 F. Supp.2d 1165, 1171 (N.D.Cal.2010) (holding insufficient plaintiff's isolated allegation that he received calls from a sequential number generator); *Johansen v. Vivant, Inc.*, No. 12C7159, 2012 WL 6590551, *3 (N.D.Ill.Dec. 18, 2012) (dismissing complaint when plaintiff failed to enhance the complaint with anything more than the language already available in the statute).

*Padilla v. Whetstone Partners, LLC*, 14-21079-CIV, 2014 WL 3418490, at *2 (S.D. Fla. 2014).

This Court itself appears to apply differing standards. *Compare De Los Santos v. Millward Brown, Inc.*, 13-80670-CV, 2014 WL 2938605, at *3 (S.D. Fla. 2014) ("To state a claim under the TCPA, Plaintiff need only to allege that Defendant used an autodialer."), *with Buslepp*, 12-60089-CIV, 2012 WL 1571410, at *1 (denying motion to dismiss and stating that "the allegation that Defendant used such a device (or one that has the capacity to store or produce telephone numbers to be called and to dial those numbers) is a factual allegation under *Twombly* and *Iqbal*.") *with Padilla*, 14-21079-CIV, 2014 WL 3418490, at *2 (granting motion to dismiss, and stating that Plaintiff needed to go beyond a recitation of the statutory cause of action and "explain the circumstances that suggest Defendant used an automatic calling device").

Nevertheless, regardless of which standard the Court applies, the Plaintiff has sufficiently alleged that the Defendant made the two calls at issue through the use of an autodialer:

*First*, the Plaintiff went to great lengths to detail how automatic telephone dialing systems—"autodialers"—operate and why the use of such systems is prohibited.  [D.E. 1 at ¶¶ 12-24].  The Complaint described the two calls that he received as "robocalls," [D.E. 1 at ¶  30], which the Complaint further explained involved the use of an "automatic telephone dialing system."  [D.E. 1 at ¶¶ 17-18].  Moreover, the Complaint expressly states that the calls received by the Plaintiff were representative of a class of plaintiffs who had received calls from the Defendant on the cellular phones that were placed "using an automatic telephone dialing system."   [D.E. 1 at ¶ 36].   These allegations are sufficient.   *Buslepp*, 12-60089-CIV, 2012 WL 1571410, at *1.

*Second*, even if more were required, the Plaintiff provided additional factual allegations that justified his belief that the messages were delivered via an automatic device.   The factual allegations included the fact that the first call involved an "automated voice," [D.E. 1 at 25]; that the Plaintiff "did not have any previous relationship, business or otherwise, with Grand Bahama Cruise Line, [D.E. 1 at 28]; and that the automated voice delivered a "survey" [D.E. 1 at 25]. The Plaintiff's allegations regarding the use of an "autodialer," along with these

additional factual allegations are enough to state a claim under the TCPA.   *See Padilla*, 14-21079-CIV, 2014 WL 3418490, at *2 (in support of use of ATDS, "Plaintiff could detail . . . the content of the pre-recorded messages"); *De Los Santos*, 13-80670-CV, 2014 WL 2938605, at *3 (finding relevant that "Plaintiff also alleges that she had no previous relationship with Defendant, nor any reason for Defendant to call her."); *Kramer v. Autobytel, Inc.*, 759 F. Supp. 2d 1165, 1171 (N.D. Cal. 2010) (stating that it was relevant that the advertisements were presented "in an impersonal manner").

### Plaintiff Sufficiently Alleged that the Defendant was Responsible for Both Calls

On October 2, 2015, the Plaintiff received a phone call on his mobile phone. [D.E. 1 at ¶ 25].   When he answered the phone, an automated voice offered purportedly "free tickets for a cruise to the Bahamas" in consideration for completing a brief "survey."   *Id.*  At the end of the "survey," the automated voice asked the Plaintiff to press "1" to receive a call back to reserve the cruise tickets.   *Id.* Less than 30 minutes later, the Plaintiff received a call from from someone at the "Reservations Department" at "Grand Bahama Cruise Line."  [D.E. 1 at ¶ 27].

The Plaintiff alleged that the Defendant was responsible for both calls.  [D.E. 1 at ¶¶ 32-34].  This allegation must be taken as true, and should end the inquiry.

The Defendant's contrary argument completely ignores the proper standard to be applied when reviewing a motion to dismiss.  In determining whether to grant

a motion to dismiss, a plaintiff must articulate "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570, and "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

While the automated voice from the first call did not expressly state that the first call was made on behalf of the Defendant, it offered a Bahama cruise as consideration for taking a survey and asked, upon completion of the survey, whether the Plaintiff would like to receive a call back to schedule that cruise. [D.E. 1 at 25]. Less than 30 minutes after requesting a call back, an individual identifying himself as a representative of the Defendant who worked in the "Reservations Department" contacted the Plaintiff. [D.E. 1 at ¶ 27].

Given that the second call was made under the pretense of reserving a cruise that the Plaintiff had supposedly earned by taking the bogus survey presented in the first call, it is certainly reasonable to infer that the Defendant was responsible for placing the initial call as well as the second call. Such an inference is more than reasonable under the circumstances, and dismissal on this ground is inappropriate. *Iqbal*, 556 U.S. at 678.

*Although not Required, the Complaint Alleges "Solicitation"*

The Defendant next argues that dismissal is proper because the Complaint fails to allege that the two calls involved "solicitation" or "marketing." [D.E. 14 at 6]. Notably absent from the Defendant's assertion is reference to *any authority* that supports such a requirement.

While the Defendant's argument is quite vague, it appears that the Defendant is likely asserting that it is exempt from TCPA liability because its unsolicited calls to the Plaintiff fell within two statutory exemptions implemented by the FCC.[3]   Within the FCC's regulations, there are several exemptions that apply to calls made to "residential line[s]." These exemptions are codified at 47 C.F.R. § 64.1200(a)(3), which states, in relevant part, as follows:

> (a) No person or entity may:
> . . .
> (3) Initiate any telephone call to any residential line using an artificial or prerecorded voice to deliver a message without the prior written consent of the called party, unless the call;
>> . . .
>> (ii) Is not made for a commercial purpose;
>> (iii) Is made for a commercial purpose but does not include or introduce an advertisement or constitute telemarketing;

By alleging that the Complaint should be dismissed because the Plaintiff failed to allege that the calls were made for the purposes of "marketing" or

---

[3] "The TCPA grants the FCC the authority to prescribe regulations to implement the requirements of [§ 227(b)]" *Lozano v. Twentieth Century Fox Film Corp.*, 702 F. Supp. 2d 999, 1003 (N.D. Il. 2010).

"solicitation," it appears that the Defendant is arguing that the calls it made to the Plaintiff are exempted under 47 C.F.R. § 64.1200(a)(3)(ii) and (iii).   These exemptions, however, are applicable only to unsolicited calls using an artificial voice that are made to "*any residential line.*"   *Id.* (emphasis added).   They do not apply to unsolicited calls made to a cellular telephone.

The United States Court of Appeals for the Third Circuit has said as much, explaining that these exemptions "do not apply to cellular phones; rather, these exemptions apply only to autodialed calls made to land-lines."[4]   *Gager v. Dell Fin. Services*, 727 F.3d 265, 273 (3d Cir. 2013).    In fact, the "only exemptions in the TCPA that apply to cellular phones are for emergency calls and calls made with prior express consent." *Id.; see also Meadows v. Franklin Collection Serv.*, 414 Fed. Appx. 230, 235 (11th Cir. 2011) (applying the 47 C.F.R. § 64.1200(a)(3) exemption to "calls to residences"); *Hayes v. Asset Acceptance*, 13-81143-CIV-COHN, 2014 WL 1767106, at *1 (S.D. Fla. 2014) (applying the 47 C.F.R. § 64.1200(a)(3) exemptions to calls made to a "residential telephone line").

Thus, if the Defendant is arguing that it is exempted from liability because the calls did not involve solicitation, its argument is misplaced.   TCPA liability attaches when an individual makes "*any call* . . . using an automatic telephone

---

[4] The exemptions relied on by the Defendant were previously located at 47 C.F.R. § 64.1200(a)(2)(ii) and (iii), and the *Gager* court was specifically addressing subsection 47 C.F.R. § 64.1200(a)(2)(iii).   The exemptions are materially identical to those now found at 47 C.F.R. § 64.1200(a)(3).

dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service . . . ." regardless of the call's content. 47 U.S.C. § 227(b)(1)(A)(iii) (emphasis added).[5]

*The Plaintiff Did Not Consent to the Second Call from the Defendant*

The Defendant also asserts that by pressing "1" upon completion of the initial survey in the first call and requesting a call back to reserve the cruise tickets, the Plaintiff expressly consented to the follow-up phone call.   [D.E. 14 at 7]. Because "prior express consent is an affirmative defense" and "not an element of the claim," this argument is inappropriate at the motion to dismiss stage.  *Manfred v. Bennett Law, PLLC*, 12-CV-61548, 2012 WL 6102071, at *2 (S.D. Fla. 2012); *Breslow v. Wells Fargo Bank, N.A.*, 857 F.Supp.2d 1316, 1319 (S.D.Fla.2012).  Nevertheless, it is without merit.

A review of the TCPA, as well as the implementing FCC regulations, makes clear that the *type* of consent necessary to render non-actionable a call to a cell phone depends on whether that call involved "solicitation."  Pursuant to 47 U.S.C. § 227(b)(1)(A), an unsolicited call to a cell phone is actionable if it is made using an

---

[5] If the Court were to interpret the Defendant's argument as simply a broadside attack on the Plaintiff's failure to allege the "purpose and intent" of the calls, such an argument would be completely baseless as the TCPA "does not require any intent for liability except when awarding treble damages." *Alea London Ltd. v. Am. Home Servs., Inc.*, 638 F.3d 768, 776 (11th Cir. 2011).

automatic telephone dialing system or an artificial or prerecorded voice and the caller does not have the "prior express consent of the called party."

However, under 47 C.F.R. § 64.1200(a)(2)—through which the FCC has created a subset of unsolicited calls to cellular phones that involve solicitation—the caller must obtain the "prior express *written* consent of the called party" to render a call non-actionable.   (Emphasis added).   The heightened consent requirement applies to any call that "includes or introduces an advertisement or constitutes telemarketing, using an automatic telephone dialing system or an artificial or prerecorded voice."   *Id.*   Thus, if the unsolicited call to a cell phone involves "advertisement" or "telemarketing," then the caller must obtain *written* consent, whereas if the call does not involve telemarketing, the caller must only obtain the express consent of the called party.[6]

The term "advertisement" is defined as "any material advertising the commercial availability or quality of any property, goods, or services."   47 C.F.R. § 64.1200(f)(1).   The term "telemarketing" means "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person." 47 C.F.R. § 64.1200(f)(12).

_____

[6] "Our rules for [noncommercial] calls will continue to permit oral consent if made to wireless customers . . . and will continue to require no prior consent if made to residential wireline customers."   *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 27 FCC Rcd. 1830 ¶ 28 (2012).

Here, the follow-up call made by the Defendant to the Plaintiff involved telemarketing. The "free cruise" touted by the Defendant actually required the Plaintiff to pay expenses in order to reserve the tickets and also required the Plaintiff to participate in a time-share marketing presentation. [D.E. 1 at ¶ 29]. Thus, the follow-up call from the Defendant to the Plaintiff was initiated not only to encourage the Plaintiff to purchase tickets for the cruise, but also to encourage the plaintiff to purchase or rent property.

Because the follow-up phone call involved telemarketing, the Defendant was required to obtain "prior express *written* consent," 47 C.F.R. § 64.1200(a)(2), which is defined as "an agreement, in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using and automatic telephone dialing system or an artificial or prerecorded voice, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered." 47 C.F.R. § 64.1200(f)(8). No written consent was obtained; therefore the Plaintiff did not consent to the Defendant's follow up call.

But even if the follow-up call had not involved an advertisement or telemarketing, the Defendant's argument—that the Plaintiff gave express consent by pressing "1" during the initial call and requesting a call back that—is utterly meritless.

16

The FCC previously touched upon what "express consent" requires, stating that "[a]lthough the term 'express permission or invitation' is not defined in statutory language or history, there is no indication that Congress intended that calls be excepted from telephone solicitation restrictions unless the residential subscriber has (a) clearly stated that the telemarketer may call, and (b) clearly expressed an understanding that the telemarketer's subsequent call will be made for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services." *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CC Docket No. 92-90, Memorandum Opinion and Order, 10 FCC Rcd 12391, 12396, para. 11. (1995) (1995 TCPA Order on Recon).

Also, in addressing what the term consent means, the United States Court of Appeals for the Eleventh Circuit has stated that "where Congress uses terms that have accumulated settled meaning under . . . the common law, a court must infer, unless the statute otherwise dictates, that Congress means to incorporate the established meaning of these terms" and that " '[c]onsent' is such a term." *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1252-53 (11th Cir. 2014).   The Eleventh Circuit went on to state that "[u]nder the common law understanding of consent, the basic premise of consent is that it is 'given voluntarily.' " *Id.* (quoting *Gager*, 727 F.3d at 270).   "Consent means that the person concerned is in fact willing for the conduct of another to occur."  RESTATEMENT (SECOND) OF TORTS § 892 (1979).

17

Here, during the initial call, the automated voice asked the Plaintiff to "press 1" for a call back to reserve his free cruise tickets.  [D.E. 1 at ¶ 25-26].  Based on this information, the Plaintiff had no idea that the Defendant would attempt to market cruise tickets or ask him to sign up for a time-share marketing presentation. The act of pressing "1" and requesting a call back does not satisfy the express consent requirement as that term has been defined by the FCC or by the court in *Osorio*.

*The Complaint's Causes of Action are not Vague*

The Defendant urges the Court to dismiss the Complaint because it is unclear which provisions of the TCPA the Plaintiff is alleging the Defendant violated.  [D.E. 14 at 7].  However, within the Complaint, the Plaintiff makes explicit that he is seeking relief based upon the Defendant's negligent and willful violations of 47 U.S.C. § 227(b)(1).  [D.E. 1 at ¶¶ 60,61].  Given that the Complaint makes clear that he is seeking relief based on two calls that the Defendant made to the Plaintiff's *cellular phone*, [D.E. 1 at ¶¶ 25, 27], and there is only one provision under 47 U.S.C. § 227(b)(1)—specifically § 227(b)(1)(A)(iii)—that applies to calls made to a plaintiff's cell phone, the Complaint certainly provides "the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007).

The Defendant also alleges that the Plaintiff has failed to allege that the Defendant either willfully *or* negligently violated the TCPA.   This claim is also without merit.

Explaining what willfulness entails in the TCPA context, the Eleventh Circuit has stated as follows:

> The requirement of "willful[ ] or knowing[ ]" conduct requires the violator to know he was performing the conduct that violates the statute. *Cf. Alea London Ltd. v. Am. Home Servs., Inc.*, 638 F.3d 768, 776 (11th Cir.2011) ("The [Act] does not require any intent for liability except when awarding treble damages."). For example, to violate section 227(b)(1)(A)(i), a defendant must know that he is using an "automatic telephone dialing system" to place a "call," and that the call is directed toward an "emergency" line. *Id.* § 227(b)(1)(A)(i). If we interpreted the statute to require only that the violator knew he was making a "call" or sending a fax, the statute would have almost no room for violations that are not "willful [ ] or knowing[ ]." *See Harris v. World Fin. Network Nat'l Bank*, 867 F.Supp.2d 888, 895 (E.D.Mich.2012) ("Such a broad application of 'willful [ ]' or 'knowing' would significantly diminish the statute's distinction between violations that do not require an intent, and those willful[ ] and knowing violations that [C]ongress intended to punish more severely.").

*Lary v. Trinity Physician Fin. & Ins. Services*, 780 F.3d 1101, 1107 (11th Cir. 2015).

From this analysis, we can presume that in order to prove "willfulness" in this case, the Plaintiff would need to show only that the Defendant *knew* that he was using an ATDS to place a call and that this call was directed toward the Plaintiff's cell phone.   *See also Bridgeview Health Care v. Clark*, No. 09 C 5601, 2013 WL 1154206, at *7 (N.D.Ill. Mar. 19, 2013) ("[T]he Court adopts the more common interpretation that 'willfully' . . . simply requires that the act be intentional or

19

volitional, as opposed to inadvertent, and not that defendant must have known that the conduct would violate the statute.").

At the motion to dismiss stage, however, the Plaintiff may plead knowledge generally. *See* Fed. R. Civ. P. 9(b) ("Malice, intent, *knowledge*, and other conditions of a person's mind may be alleged generally.") (emphasis added). Here, the Plaintiff alleged that the Defendant "acted 'knowingly' within the meaning of the TCPA by knowingly calling recipient consumers' telephones using an artificial or prerecorded voice, without the prior express consent of the individual being called." [D.E. 1 at ¶ 24]. This is enough under Federal Rule of Civil Procedure 9 at the motion to dismiss stage, and the Defendant has cited no authority holding that the requirement is different in the TCPA context. *Hashw v. Dep't Stores Nat. Bank*, 986 F. Supp. 2d 1058, 1062 (D. Minn. 2013) ("At this early juncture, [plaintiff] may allege willfulness generally"); *see also Meyer v. Bebe Stores*, 14-CV-00267-YGR, 2015 WL 431148, at *4 (N.D. Cal. 2015) (same).[7]

Accordingly, the Plaintiff respectfully requests that the Court deny the Defendants Motion to Dismiss Complaint.

Respectfully submitted,

/s/ John G. Crabtree_____

---

[7] Similarly, since neither knowledge nor intent is necessary to state a valid claim based on negligence, the Defendant's assertion that the Plaintiff has failed to properly plead such a cause of action must fail.

John G. Crabtree
Florida Bar No. 886270
Charles M. Auslander
Florida Bar No. 349747
George R. Baise Jr.
Florida Bar No. 0111805
Brian C. Tackenberg
Florida Bar No. 0107224
CRABTREE & AUSLANDER
240 Crandon Boulevard, Suite 101
Key Biscayne, Florida 33149
Telephone (305) 361-3770
Facsimile (305) 437-8118
jcrabtree@crabtreelaw.com
causlander@crabtreelaw.com
gbaise@crabtreelaw.com
btackenberg@crabtreelaw.com
floridaservice@crabtreelaw.com

*Counsel for the Plaintiff*

## CERTIFICATE OF SERVICE

We hereby certify that on November 13, 2015, we filed a true and correct copy of this response with the CM/ECF system, which generates notices of electronic filing to all parties that have appeared in this matter.  We also certify that a copy of this response was emailed to counsel who are not authorized to receive electronic notices of filing from the CM/ECF system.

| | |
|---|---|
| Eduardo J. Hernandez | Jason Wagner |
| BROWN & HERNANDEZ, LLC | WAGNER SAENZ DORITY, LLP |
| 4000 Ponce De Leon Boulevard | 1010 Lamar Street |
| Suite 470 | Suite 425 |
| Coral Gables, Florida 33416 | Houston, Texas 77002 |
| *Counsel for Defendant* | *Counsel for Defendant* |
| | *Motion for Pro Hac Vice Pending* |

/s/ John G. Crabtree