UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
**Case Number: 15-23807-CIV-MARTINEZ-GOODMAN**

SCOTT A. KRON, individually and on
behalf of all others similarly situated,
    Plaintiff,

vs.

GRAND BAHAMA CRUISE LINE, LLC,
a Florida limited liability company,
    Defendant.
_____/

## ORDER ON MOTION FOR CLASS CERTIFICATION

THIS CAUSE came before the Court upon Plaintiff Scott A. Kron's ("Plaintiff") Motion for Class Certification ("Motion") [ECF No. 50]. Defendant Grand Bahama Cruise Line, LLC ("Defendant") did not respond to Plaintiff's Motion. The Court has reviewed Plaintiff's Motion, the record in this action and is otherwise fully advised in the premises.

**I.    Background**

Plaintiff brought this putative class action against Defendant for alleged violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.* [ECF No. 1]. Plaintiff alleges that Defendant is in the cruise line business and utilizes "automatic telephone dialing systems," known as "robodialers" to make "robocalls" in order to increase sales. *Id.* Plaintiff alleges that the recipients of said robocalls have no prior relationship with Defendant. *Id.* Plaintiff received one of these calls on his mobile phone, offering two free tickets for a cruise to the Bahamas in return for completing a brief survey. At the end of the survey, Plaintiff was instructed by the automated voice to press "1" for a call back to reserve the free tickets. *Id.* Plaintiff pressed "1." *Id.* Plaintiff had no prior relationship with Defendant. *Id.* Less than 30

minutes later, Plaintiff received a call to his mobile phone from "Calvin with the reservations department," who identified himself as Defendant's employee. *Id.* Upon further inquiry, Plaintiff learned that there were expenses associated with the "free" cruise tickets. Calvin also informed Plaintiff that he would need to participate in a time-share marketing presentation in order to qualify for the cruise tickets. *Id.* Defendant took no steps to obtain, and in fact did not obtain, Plaintiff's express consent prior to placing the call. *Id.* Plaintiff alleges that the initial automated call was made as a ruse to obtain putative consent for the second call through a classic two-step "survey scam," in violation of the TCPA. *Id.*

In the instant Motion, Plaintiff seeks to certify a Rule 23(b)(3) damages class as follows:

> (i) all persons in the United States; (ii) to whom GB Cruise Line (or any agent, contractor or employee working on its behalf) placed a telephone call; (iii) to said person's cellular telephone; (iv) using an automatic telephone dialing system; (v) from the date of GB Cruise Line's June 2014 formation through the date of class certification.
>
> Excluded from the class are (i) GB Cruise Line, GB Cruise Line's agents, subsidiaries, parents, successors, predecessors, and any entity in which the GB Cruise Line or its parents have a controlling interest and their current and former employees, officers, and directors; (ii) the Judge or Magistrate Judge to whom this case is assigned and the Judge or Magistrate Judge's immediate family; (iii) persons who execute and file a timely request for exclusion; (iv) the legal representatives, successors, or assignees of any such excluded person; and (v) Plaintiff's counsel and GB Cruise Line's counsel.

Defendant did not file a response in opposition to Plaintiff's Motion for Class Certification. Indeed, a Clerk's Entry of Default has been entered against Defendant [ECF No. 47].[1]

## II. Class Certification Standard

"The Class action is 'an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only.'" *Wal-Mart Stores Inc. v. Dukes*, 564 U.S. 338, 348 (2011) (quoting *Califano v. Yamasaki*, 442 U.S. 682 (1979)). Federal Rule of Civil Procedure 23

---

[1] Plaintiff's Motion for Entry of Default Judgment as to Liability and for Leave to Undertake Class-Wide Damages Discovery [ECF No. 53] is pending before this Court. A ruling is forthcoming.

"establishes the legal roadmap courts must follow when determining whether class certification is appropriate." *Valley Drug Co. v. Geneva Pharm., Inc.*, 350 F.3d 1181, 1187 (11th Cir. 2003). "A party seeking class certification must affirmatively demonstrate compliance with [R. 23]," *Dukes*, 564 U.S. at 350, and "[a] district court must conduct a rigorous analysis of the Rule 23 perquisites before certifying a class." *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1266 (11th Cir. 2009) (citations and internal quotation marks omitted). "Although the trial court should not determine the merits of plaintiffs' claim at the class certification stage, the trial court can and should consider the merits of the case to the degree necessary to determine whether the requirements of Rule 23 will be satisfied." *Valley Drug*, 350 F.3d at 1188 n. 15.

"The burden of proof to establish the propriety of class certification rests with the advocate of the class." *Id.* at 1187. "Under Rule 23(a), every putative class first must satisfy the prerequisites of numerosity, commonality, typicality, and adequacy of representation." *Vega*, 564 F.3d at 1265. Rule 23(a) is satisfied only where:

(1)  the class is so numerous that joinder of all members is impracticable;

(2)  there are questions of law or fact common to the class;

(3)  the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

(4)  the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). Where certification is sought under Rule 23(b)(3), as here, Plaintiff must show, in addition to the four requirements of Rule 23(a), that "the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3); *Vega*, 564 F.3d at 1265.

### III. Legal Analysis

#### a. Standing

As a threshold matter, this Court must first determine whether Plaintiff has standing to bring this suit. *Prado-Steiman v. Bush*, 221 F.3d 1266, 1279-80 (11th Cir. 2000); *Griffin v. Dugger*, 823 F.2d 1476, 1482 (11th Cir. 1987). Plaintiff bears the burden of establishing that it has standing. *See Koziara v. City of Casselberry*, 392 F.3d 1302, 1304 (11th Cir. 2004). In order to establish standing, Plaintiff must prove: (1) he suffered an "injury in fact," or an injury that is concrete and particularized and actual or imminent, not conjectural or hypothetical; (2) a causal connection between the injury and the conduct complained of; and (3) it is "likely," as opposed to merely "speculative," that the injury will be redressed by a favorable decision. *See Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1323 (11th Cir. 2012). Plaintiff suffers an injury whenever there is a violation of a legally protected interest, and the requisite injury "may exist solely by virtue of statutes creating legal rights, the invasion of which creates standing." *Thorne v. Accounts Receivable Mngmt., Inc.*, 2012 WL 3108662, at *6 (S.D. Fla. July 24, 2012) (Scola, J.) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)).

The TCPA is a consumer protection statute that confers on plaintiffs the right to be free from certain harassing and privacy-invading conduct. In furtherance of such interests, the statute authorizes an award of damages whenever a violation occurs. Here, Plaintiff alleges that the unsolicited robocalls were made by Defendant, and he is seeking damages because of that violation of his privacy under the TCPA. Plaintiff has met his burden in showing that Defendant's conduct violated the TCPA, which is sufficient to confer standing. *See Thorne*, 2012 WL 3108662, at *6.

### b. Rule 23(a) Requirements

#### i. *Class Definition*

Before engaging in the analysis required by Rule 23, the question of whether the class has been adequately defined should be considered. "[A] plaintiff seeking to represent a proposed class must establish that the proposed class is adequately defined and clearly ascertainable." *Little v. T-Mobile USA, Inc.*, 691 F.3d 1302, 1304 (11th Cir. 2013). While not challenged by Defendant, the Court has conducted an independent review of the proposed class to determine whether the class is adequately defined and clearly ascertainable. Plaintiff contends that the class is clearly ascertainable as they will be able to determine class members' identities using Defendant's phone records. This Court agrees. After review, the Court finds the proposed class ascertainable and adequately defined. *See C-Mart, Inc. v. Metropolitan Life Ins. Co.*, 299 F.R.D. 679 (S.D. Fla. 2014) (Middlebrooks, J.) (finding TCPA class ascertainable); *see also Birchmeier v. Caribbean Cruise Line, Inc.*, 302 F.R.D. 240 (N.D. Ill. 2014) (finding that method of identifying class members through phone records satisfied the requirement of ascertainability).

#### ii. *Numerosity*

To establish numerosity, Plaintiff must show that "the class is so numerous that joinder of all members is impracticable." *Vega*, 564 F.3d at 1266-67 (quoting Fed. R. Civ. P. 23(a)(1)). While "mere allegations of numerosity are insufficient, Rule 23(a)(1) imposes a generally low hurdle," and "a plaintiff need not show the precise number of members in the class." *Vega*, 564 F.3d at 1267. "Nevertheless, a plaintiff still bears the burden of making *some* showing, affording the district court the means to make a supported factual finding, that the class actually certified meets the numerosity requirement." *Id.* (emphasis in original). Although mere numbers are not dispositive, the general rule of thumb in the Eleventh Circuit is that "less than twenty-one is

inadequate, more than forty adequate, with numbers between varying according to other factors." *Cox v. Am. Cast Iron Pipe Co.,* 784 F.2d 1546, 1553 (11th Cir. 1986). The Court may also consider factors such as "the geographic diversity of the class members, the nature of the action, the size of each plaintiff's claim, judicial economy, and the inconvenience of trying individual lawsuits, and the ability of the individual class members to institute individual lawsuits. *See Agan v. Katzman & Korr, P.A.,* 222 F.R.D. 692, 696 (S.D. Fla. 2004) (Dimitrouleas, J.).

In his Complaint, Plaintiff alleges that Defendant made actionable calls to thousands of consumers nationwide that fall within the definition of the class and that joinder of those individual class members is impractical [ECF No. 1]. Moreover, Plaintiff alleges that potential Class Members can be identified through Defendant's records and Defendant's agents and/or contractors' records. *Id.* While Plaintiff's assertion that thousands of consumers fall within the definition of the class is based primarily on speculation, the speculation is of no fault of Plaintiff. Defendant has stopped participating in this action, evidenced by the Clerk's Entry of Default entered against Defendant [ECF No. 47], and has failed to respond to Plaintiff's Motion for Class Certification or partake in liability discovery. Further, it is well-settled that a specific number of class members is not necessary to satisfy Rule 23's numerosity requirement. *See Cox,* 784 F.2d at 1553 (11th Cir. 1986). The Court has concluded above that the class, which contains a significant number of members across the nation, is sufficiently ascertainable. Considering this conclusion in light of Plaintiff's allegations, the proposed class satisfies the numerosity requirement as Plaintiff has established a reasonable basis to believe that thousands of class members exist. *See Whitaker v. Bennett Law, PPLC*, No. 13-cv-3145, 2014 WL 5454398, at *4 (S.D. Cal. Oct. 27, 2014) (discussing numerosity requirement to class certification in light of defendant's default).

### iii. *Commonality*

To satisfy the commonality requirement of Rule 23(a), a movant must show that "there are questions of law or fact common to the class." Fed. R. Civ. P. 23. Not all questions of law and fact need to be common, but as the Supreme Court clarified, this requirement is not met merely because the putative class members allegedly "all suffered a violation of the same provision of law." *See Dukes*, 564 U.S. at 350. Indeed, it is not just the presence of common questions that matter, but the ability of the class action device to "resolve an issue that is central to the validity of each one of the claims in one stroke." *Id.* To this end, the Supreme Court explained:

> What matters to class certification is not the raising of common "questions" – even in droves – but, rather the capacity of a classwide proceeding to generate common answers apt to drive the resolution of the litigation. Dissimilarities within the proposed class are what have the potential to impede the generation of common answers.

*Id.*

Plaintiff contends that commonality is satisfied here because the following legal and factual issues are capable of proof by evidence common to every class member: (1) whether Defendant used a prerecorded voice during the calls at issue; (2) whether Defendant used an "automatic telephone dialing system" when placing the calls at issue; (3) whether the use of prerecorded voices violate the TCPA; and (4) whether Defendant's acts were "willful" or "knowing" under the TCPA. Moreover, the core issue to be resolved is whether Defendant used a prerecorded voice message to make unsolicited calls. Given these common issues subject to common resolution, Plaintiff has met the commonality requirement. *See Whitaker*, 2014 WL 5454398, at *5 (discussing commonality requirement to class certification under the TCPA).

### iv. *Typicality*

Typicality requires that "the claims or defenses of the representative parties [be] typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a). A class representative must possess the same interest and suffer the same injury as the class members in order to be typical under Rule 23(a)(3). *See Bush,* 221 F.3d at 1279. Yet, the [c]lass members' claims need not be identical to satisfy the typicality requirement; rather, there need only exist "a sufficient nexus between the legal claims of the named class representatives and those of individual class members to warrant class certification." *Ault,* 692 F.3d at 1216 (quoting *Bush,* 221 F.3d at 1278-79). The required nexus exists "if the claims or defenses of the class and the class representative arise from the same event or pattern or practice and are based on the same legal theory." *Ault,* 692 F.3d at 1216. While commonality and typicality are related, the Eleventh Circuit has "distinguished the two concepts by noting that, '[t]raditionally, commonality refers to the group characteristics of the class as a whole, while typicality refers to the individual characteristics of the named plaintiff in relation to the class.'" *Vega,* 564 F.3d at 1275 (quoting *Piazza v. Ebsco Indus., Inc.,* 273 F.3d 1341, 1346 (11th Cir. 2011)).

Plaintiff received a robocall that it claims Defendant placed to thousands of people without obtaining their express consent. Plaintiff has established that the course of conduct that produced its TCPA violation also produced the claims of the proposed class. There exists a sufficient nexus to satisfy the typicality requirement. *See C-Mart,* 299 F.R.D. at 690; *see also Ault,* 692 F.3d at 1216.

### v. *Adequacy*

To satisfy the adequacy requirement, the named plaintiff and his counsel must demonstrate they will adequately protect the interests of the putative class. *See Valley Drug Co.,*

350 F.3d at 1187. Adequacy of representation under Rule 23(a) "encompasses two separate inquiries: (1) whether any substantial conflicts of interest exist between the representatives and the class; and (2) whether the representatives will adequately prosecute the action." *Id.* at 1189.

Plaintiff is aware of the TCPA violation, understands his responsibilities as named-Plaintiff in this action and demonstrates a willingness to represent the class [ECF No. 50-3 (Dec. of Scott Kron)]. Moreover, class counsel has sufficient qualifications and experience to handle this class action litigation [ECF Nos. 50-1, 50-2 and 50-4 (Decs. of Plaintiff's counsel)]. Last, there appears to be no antagonism between Plaintiff's interests and those of the putative class members as the claims and defenses applicable to Plaintiff and the class appear to be substantially the same. Therefore, the Court finds the adequacy requirement is satisfied.

### c. Rule 23(b) Requirements

#### i. *Predominance*

To satisfy the predominance requirement, the named plaintiff must establish that the issues subject to generalized proof in the class action, and thus applicable to the class as a whole, predominate over those issues that are subject only to individualized proof. *See Jackson v. Motel 6 Multipurpose, Inc.*, 130 F.3d 999, 1005 (11th Cir. 1997). Thus, predominance requires not just the presence of common issues, but also that those common issues actually outweigh any individualized issues in the litigation. In this way, predominance is "far more demanding" than Rule 23(a)'s commonality requirement. *Id.* "Considering whether questions of law or fact common to class members predominate begins, of course, with the elements of the underlying cause of action." *Erica P. John Fund, Inc. v. Halliburton Co.*, 563 U.S. 804, 809 (2011).

The Court finds the predominance requirement satisfied for the TCPA class. To prove a TCPA violation, Plaintiffs will have to show: (1) Defendant called their cell phones; (2) without

their prior express consent; (3) using an "automatic telephone dialing system or an artificial or prerecorded voice." *See* 47 U.S.C. § 227(b)(1)(A)(iii); *see also Breslow v. Wells Fargo Bank, N.A.*, 857 F. Supp. 2d 1316, 1319 (S.D. Fla. 2012) (Scola, J.). Here, the issues subject to generalized proof in the class action predominate. *See C-Mart, Inc.*, 299 F.R.D. at 691 (finding predominance requirement satisfied in certifying TCPA class).

### ii. *Superiority*

The focus of the superiority analysis is on "the relative advantages of a class action suit over whatever other forms of litigation might be realistically available to the plaintiffs." *Sacred Heart Healthy Sys., Inc. v. Humana Military Healthcare Servs., Inc.*, 601 F.3d 1159, 1183-84 (11th Cir. 2010); *See Williams v. Mohawk Indus., Inc.*, 568 F.3d 1350, 1358 (11th Cir. 2009). "[T]he predominance analysis has a tremendous impact on the superiority analysis for the simple reason that, the more common issues predominate over individual issues, the more desirable a class action lawsuit will be as a vehicle for adjudicating the plaintiffs' claims, both relative to other forms of litigation such as joinder or consolidation, and in absolute terms of manageability[.]" *Sacred Heart health Sys.*, 601 F.3d at 1184 (internal citations omitted). In deciding superiority, the district court must consider at least some of the factors set forth in Rule 23(b)(3), including: "the class members' interests in individually controlling the prosecution or defense of separate actions"; "the extent and nature of any litigation concerning the controversy already begun by or against class members"; "the desirability or undesirability of concentrating the litigation of the claims in the particular forum"; and "the likely difficulties in managing class action." *Vega*, 564 F.3d at 1277-78 n. 19.

As detailed above, common questions of law and fact predominate over any individualized issues. While the TCPA has built-in incentives for aggrieved plaintiffs to litigate

individually, it does not follow that such claims are inappropriate for class treatment. There appears to be no indication that Congress sought to eliminate class actions under the TCPA. *See C-Mart*, 299 F.R.D. at 691. Moreover, the Court finds that the large number of claims, along with the relatively small statutory damages, the desirability of adjudicating these claims consistently, and the probability that individual members would not have a great interest in controlling the prosecution of these claims, all indicate that a class action would be the superior method of adjudicating Plaintiffs' claims under the TCPA. *See Hicks v. Client Servs., Inc.*, 07-61822-CIV, 2008 WL 5479111, at *10 (S.D. Fla. Dec. 11, 2008) (Dimitrouleas, J). Applying all of the superiority factors, the Court finds that the class action vehicle is superior.

### IV.   Conclusion

After careful consideration of Plaintiff's Motion for Class Certification, and without the benefit of a response or any argument from Defendant, the Court finds that Plaintiff has met his burden to satisfy the Rule 23(a) and Rule 23(b) requirements. Class certification is appropriate under the TCPA. Accordingly, it is hereby **ORDERED AND ADJUDGED** that

1. Plaintiff's Motion for Class Certification [ECF No. 50] is **GRANTED**.

2. The Court **CERTIFIES** the following class under the TCPA:

(i) all persons in the United States; (ii) to whom GB Cruise Line (or any agent, contractor or employee working on its behalf) placed a telephone call; (iii) to said person's cellular telephone; (iv) using an automatic telephone dialing system; (v) from the date of GB Cruise Line's June 2014 formation through the date of class certification.

Excluded from the class are (i) GB Cruise Line, GB Cruise Line's agents, subsidiaries, parents, successors, predecessors, and any entity in which the GB Cruise Line or its parents have a controlling interest and their current and former employees, officers, and directors; (ii) the Judge or Magistrate Judge to whom this case is assigned and the Judge or Magistrate Judge's immediate family; (iii) persons who execute and file a timely request for exclusion; (iv) the legal representatives, successors, or assignees of any such excluded person; and (v) Plaintiff's counsel and GB Cruise Line's counsel.

3. The Court hereby **APPOINTS** John Crabtree, Esq. of Crabtree & Auslander, LLC, Brian Torres, Esq. of Brian M. Torres, P.A. and Mark Morrison, Esq. of Morrison + Associates as class counsel.

4. Class counsel shall submit to the Court, on or before two weeks from the date of this Order, a proposed schedule for providing the class members the requisite notice, as outlined in Federal Civil Procedure Rule 23(c)(2).

DONE AND ORDERED in Chambers at Miami, Florida, this 12 day of December, 2018.

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Goodman
All Counsel of Record