UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case Number: **15-23807-CIV-MARTINEZ-GOODMAN**

SCOTT A. KRON, individually and on
behalf of all others similarly situated,
    Plaintiff,

vs.

GRAND BAHAMA CRUISE LINE, LLC,
a Florida limited liability company,
    Defendant.
_____/

## DEFAULT JUDGMENT AS TO LIABILITY ONLY

THIS CAUSE is before the Court upon Plaintiff Scott A. Kron's ("Plaintiff") Motion for Entry of Default Judgment as to Liability and for Leave to Undertake Class-Wide Damages Discovery, [ECF No. 53]. Defendant Grand Bahama Cruise Line, LLC ("Defendant") did not respond to Plaintiff's motion. Plaintiff makes the following requests: (a) the Court enter judgment against Defendant in favor of Plaintiff as to liability only; and (b) grant Plaintiff leave of court to conduct discovery limited to the identity of class members and damages on a class-wide basis. The Court has reviewed Plaintiff's motion, the record in this action and is otherwise fully advised in the premises.

**I.**    **Default Judgment Standard**

Rule 55(a) of the Federal Rules of Civil Procedure states that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Once this has occurred, "the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). The clerk's entry of default causes all well-pleaded allegations of fact to be deemed admitted. *See Buchanan v. Buchanan*, 820 F.2d 359, 361 (11th Cir. 1987). The Court must accept these facts as true and determine whether they state a claim upon which relief may be granted. *See Anheuser-Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003).

**II.**    **Discussion**

Defendant initially participated in this action, filing a motion to dismiss attacking

Plaintiff's class action complaint, [ECF No. 14]. However, after defense counsel moved to withdraw, Defendant ultimately stopped participating in this action, and a Clerk's entry of default was entered against Defendant, [ECF No. 47]. Subsequently, this Court granted Plaintiff's motion for class certification, certifying a Rule 23 class, [ECF No. 58].

The facts alleged in the class action complaint, which the Court accepts as true, states a cause of action pursuant to the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.* Since Defendant has stopped participating in this case, Plaintiff cannot, without discovery, attempt to establish class-wide damages. Plaintiff requests leave of court to conduct discovery limited to the identity of class members and damages on a class-wide basis. The Court finds good cause supports Plaintiff's request. Accordingly, it is hereby

**ORDERED AND ADJDUGED that** Plaintiff's Motion for Entry of Default Judgment as to Liability and for Leave to Undertake Class-Wide Damages Discovery, [ECF No. 53], is **GRANTED**, as set forth herein. Judgment is hereby entered in Plaintiff's favor against Defendant as to liability only. Plaintiff may proceed to conduct discovery limited to the identity of class members and damages on a class-wide basis. The Court retains jurisdiction to determine damages until after the conclusion of discovery.

DONE AND ORDERED in Chambers at Miami, Florida, this 3 day of April, 2019.

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Goodman
All Counsel of Record