UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-23807-CIV-MARTINEZ/OTAZO-REYES

SCOTT A. KRON, individually and on
behalf of all others similarly situated,

    Plaintiff,

vs.

GRAND BAHAMA CRUISE LINE, LLC, a
Florida Limited Liability Company

    Defendants.
_____/

## ORDER DECERTIFYING CLASS AND DISMISSING CASE WITHOUT PREJUDICE

**THIS CAUSE** is before the Court upon the Status Report filed by Plaintiff, Scott A. Kron ("Kron") (DE 69). This lawsuit asserts a class action against Defendant, Grand Bahama Cruise Line, LLC for violations of the Telephone Consumer Protection Act. This case been pending since 2015 and Defendant abandoned its defense of this matter in mid-2017. After a default was entered, Plaintiff moved to certify a class, which was granted by this Court. (DE 50). A default judgment as to liability was entered against Defendant in April 2019. (DE 60).

The only matter remaining to be litigated was the extent of damages. In this connection, Plaintiff, as class representative, submitted a proposed scheduling order suggesting deadlines for damages discovery and class notification. (DE 59). Plaintiff's proposal requested an additional 90 days to conduct discovery, expiring in July 2019, and 135 days for class notification. The schedule was approved by the Court. (DE 61). Plaintiff then sought another 90-day extension. (DE 64). This too was granted. (DE 65). After the expiry of this period, Plaintiff again sought an additional 90 days. (DE 66). The Court granted this motion, in part, and extended the deadline for a further 30 days.

There comes a time in every lawsuit when a litigant must recognize the limitations of his or her case. That time has arrived. As indicated in the Status Report, Plaintiff recognizes that, despite the Court's generous extensions of time, and Plaintiff's extremely diligent efforts, he has "been unable to locate records by which class members may be ascertained and notified of class certification" (DE 69:1-2 ¶ 3). "Class Counsel reluctantly concludes that there is no path by which this case can be brought to a swift conclusion in a way that benefits the certified class." (DE 69: 8 ¶ 29). Class Counsel concedes further: "[A]t present, there does not appear to be a viable path whereby [violations of federal law asserted in the Complaint] can be rectified, at least in the short term." (*Id.*) The Court notes that this case is approximately 4 years old and has been neither "swift" nor "short term."

In any event, the Court is sympathetic to Plaintiff and Class Counsel in the difficulties experienced in obtaining discovery regarding damages, and relatedly, collecting damages, from a defaulted Defendant. Unfortunately, the Court does not have the judicial resources nor inclination to hold this case open for an untold period of years. This would not only pose difficulties from a docket management perspective but undermine the administration of justice. Given the Plaintiff's commendable confession that this matter cannot proceed as a class action at this juncture, and his invitation to dismiss this matter without prejudice, the Court will decertify the class pursuant to Fed. R. Civ. P. 23 (c)(1)(C). Furthermore, the Court will treat the Plaintiff's invitation to dismiss as a motion pursuant to Fed. R. Civ. P. 41(a)(2), and grant the motion. Accordingly, it is hereby

**ORDERED AND ADJUDGED** as follows:

1). The Class previously certified in the Court's Order on Motion for Class Certification (DE 58) is hereby **DECERTIFIED**.

2). Plaintiff's motion for voluntary dismissal without prejudice is **GRANTED**. This case is **DISMISSED WITHOUT PREJUDICE.** The Clerk shall mark this case **CLOSED** and **DENY** pending motions as **MOOT**.

**DONE AND ORDERED** in Chambers at Miami, Florida this 18 day of November, 2019.

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies via CM/ECF to:

United States Magistrate Judge Otazo-Reyes

Counsel of record